



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDIA MORRIS and<br>DAUDA MORRIS,<br>Plaintiffs,<br><br>v.<br><br>GLEN SCHEMANSKI and<br>LEE-ALAN SCHEMANSKI,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br>NO. 07-2147 |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                          June 13, 2008

This matter arises out of a settlement agreement between India Morris ("Plaintiff") and Glen Schemanski ("Defendant") entered into by the parties in November 2007 and a dismissal order entered by this Court pursuant to that agreement on November 8, 2007 (Doc. No. 20) ("the Dismissal Order"). Before the Court is Plaintiff's Motion to Modify an Order Dismissing the Action for Purposes of Retaining Jurisdiction to Enforce the Settlement Agreement (Doc. No. 26). Plaintiff seeks a modification of the Dismissal Order to permit the Court to retain jurisdiction and enforce the parties' agreement. Defendant has not responded to the motion. For the reasons set forth below, we will grant the motion and modify the Dismissal Order to retain jurisdiction over the case for a period of one year from the date of this Order.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Following a conference presided over by the Court on November 2, 2007, the parties entered into a settlement agreement providing for a sum of money to be paid by Defendant to Plaintiff. Under the terms of that agreement, Defendant also was to provide all reasonable information

1

concerning his financial status and make periodic payments to Plaintiff commencing in early December 2007 and continuing through December 31, 2010. Upon receipt of advice from counsel that a settlement was reached, the Court entered the Dismissal Order pursuant to Local Rule 41.1(b). Pursuant to that rule, the Court was to retain jurisdiction for a period of 90 days (subject to any extension of that time) to oversee any difficulties that might arise.

On January 3, 2008, after being advised by Plaintiff that Defendant had not made the initial payment due under the agreement, the Court ordered the parties to appear at a hearing at which Defendant would be required to demonstrate why the Court should not enter an order enforcing the settlement agreement. That hearing was held on January 14, 2008. Following a discussion of Defendant's financial circumstances, the Court asked Plaintiff to submit a form of order to incorporate the Court's intention to continue to monitor Defendant's compliance with the terms of the settlement agreement.

Plaintiff did not submit the form, however, until February 25, 2008, beyond the 90-day period within which the Court may modify a dismissal under the Local Rule. The Court promptly scheduled a telephone conference, which was held on March 13, 2008. After the conference, and with the agreement of the parties, the Court signed the draft order with minor modification. (Doc No. 24.) The order provided that Defendant was to pay fifty percent of all legal fees that he earned to the Plaintiff until his obligations under the settlement agreement were fulfilled. Concerned that the time for modification under 41.1(b) may have elapsed, the Court cautioned Plaintiff's counsel to calculate the precise time and consider appropriate action. Plaintiff did so and, on March 14, 2008, filed this Motion seeking to modify the original Dismissal Order to reflect the Court's intention to retain jurisdiction beyond the 90-day period.

## II.   DISCUSSION

### A.   Modification of Original Dismissal Order

Local Rule 41.1(b), governing the dismissal of actions upon notice of settlement, provides two possibilities for further action by the Court after dismissal: (1) a court may retain jurisdiction over a settled action that has been dismissed for a limited period of time in order to oversee potential difficulties, and (2) a party may move to have the dismissal order vacated, modified, or stricken from the record for cause shown. The 90-day limitation in Rule 41.1(b) has been held to apply to both the court's retention of jurisdiction and a party's opportunity to vacate, modify, or strike the dismissal order. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (finding petition to reinstate under predecessor to Rule 41.1(b) untimely when filed beyond 90-day period); *Avato v. Green Tree Run Condominium Community Ass'n*, No. Civ.A. 97-2868, 1998 WL 196397 *2 (E.D. Pa. Apr. 22, 1998) (finding motion to modify order made pursuant to Local Rule 41.1(b) must be made within 90 days after entry of order). Thus, if the 90-day period has passed, the court no longer retains jurisdiction over the action and a party may no longer move to have the dismissal order modified.

Plaintiff here seeks to modify the Dismissal Order to make explicit the Court's intention to retain jurisdiction beyond the 90 days provided for in the rule. Plaintiff's motion, however, was filed after the expiration of the 90-day period. As such, we are without jurisdiction to modify the Dismissal Order under Rule 41.1(b).

Plaintiff seeks to remedy this defect by seeking a *nunc pro tunc* extension of time to file her motion to modify the Dismissal Order pursuant to Fed. R. Civ. Proc. 6(b). This is problematic. First, it is not clear that a Rule 6(b) motion for an extension of time is applicable to Local Rule 41.1(b). Even so, however, Rule 41.1(b) not only limits the time in which a party may file a motion

3

under that rule but it also acts to divest the court of jurisdiction. Thus, once the 90-day period has expired, the court no longer has jurisdiction to consider a Rule 6 motion for an extension of time. As a result, we cannot grant Plaintiff the relief sought under Local Rule 41.1(b) and Fed. R. Civ. Proc. 6(b).

B.   **Alternative Relief Under Federal Rule 60(b)**

There remains, however, an alternative path to the relief sought, as Fed. R. Civ. Proc. 6 provides for relief from a judgment or order under appropriate circumstances. *See, e.g., Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (finding petition untimely under local rule but considering whether result would be different under F.R.C.P. 60(b)); *Perry v. Del. River Port Auth.*, 208 Fed. Appx. 122, 125 (3d Cir. 2006) (considering applicability of F.R.C.P. 60(b) to request to reopen case following alleged breach of settlement agreement). As our Court of Appeals has expressly stated, "any time a district court enters judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." *Halderman v. Pennhurst State Sch. & Hosp.*, 901 F.2d 311, 320 (3d Cir. 1990). As a result, while the court may lack jurisdiction to reopen a judgment under Local Rule 41.1(b) upon the running of the 90-day period, the court retains jurisdiction for the limited purpose of considering a motion under Rule 60(b).

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason that justifies relief. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Fed. R. Civ. Proc. 60(b). In determining whether relief under Rule 60(b) is appropriate, the Third Circuit has noted that the purpose of Rule 60 is "to strike a proper balance between conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Accordingly, motions for relief under Rule 60(b) are "directed to the sound discretion of the trial court" and must be considered on equitable principles. *Pierce Assocs., Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988) (determining that district courts have discretion over Rule 60 motions); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (finding that equitable doctrines apply to Rule 60 motions).

Viewed as a motion under Rule 60(b), and under the circumstances of this case, we consider Plaintiff's motion as timely filed: it was filed less than five months after dismissal and within a reasonable time. We further conclude that relief is warranted in this case under Rule 60(b)(1), which applies to cases of "mistake, inadvertence, surprise, or excusable neglect." In this case, Plaintiff's failure to obtain relief from the dismissal order within the 90 days set forth in Local Rule 41.1(b) is due to inadvertence and mistake. It was the clear understanding of all parties that this Court would continue to oversee their compliance with the terms of the settlement agreement. This intention was expressed at the January 14, 2008 hearing and was emphasized by the Court's request that Plaintiff submit a form of order confirming the Court's intention to continue its monitoring role. Further evidence of this intention is the March 13, 2008 order, which reflected the Court's intention to

oversee Defendant's compliance with the settlement agreement until he fulfilled his obligations, even if this extended beyond the 90-day period contemplated by Rule 41.1(b).

We further note that while Defendant has (at least as of March 13, 2008) not been compliant with his obligations under the settlement agreement, he has continued acknowledging his responsibility and agreed to give Plaintiff's counsel all reasonable access to his financial information as to give Plaintiff the opportunity to enforce the agreement as best she can. Further, he has not objected to Plaintiff's motion to modify the Dismissal Order.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INDIA MORRIS and<br>DAUDA MORRIS,<br>    Plaintiffs,<br><br>v.<br><br>GLEN SCHEMANSKI and<br>LEE-ALAN SCHEMANSKI,<br>    Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br><br><br>NO. 07-2147 |

**FILED**

JUN 1 3 2008

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this 13th day of June, 2008, upon consideration of Plaintiffs' Motion to Modify an Order Dismissing the Action for Purposes of Retaining Jurisdiction to Enforce the Settlement Agreement (Doc. No. 26) and the lack of a response from Defendant, and for the reasons set forth in the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that Plaintiff' motion is **GRANTED** and that this Court's order entered November 8, 2007 (Doc. No. 20) is hereby **MODIFIED** as follows: The parties are **ORDERED** to comply with the terms of their settlement agreement, which is hereby incorporated into the judgment, as modified by the agreement of the parties on March 13, 2008.[1] **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this case for a period of one (1) year from the date of entry of this Order for purposes of enforcing the terms of the parties' settlement agreement.

**ENTERED**

JUN 1 3 2008

CLERK OF COURT

BY THE COURT:

_David Strawbridge_
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Those modifications were memorialized in the order entered at Doc. No. 24.